IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KIUNTA STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-00499-SRB |
| | ) | |
| ANDREW M. SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant Commissioner of the Social Security Administration Andrew M. Saul's ("Defendant") Motion to Dismiss Based on Sovereign Immunity or, in the Alternative, for Failure to State a Claim. (Doc. #11.) The deadline for *pro se* Plaintiff Kiunta Stanley ("Plaintiff") to file a response to the motion was October 13, 2020, but no response has been filed. For the reasons set forth below, the Motion is GRANTED.

### I. BACKGROUND[1]

The Social Security Administration ("SSA") employed Plaintiff in a probationary position as a Benefits Authorizer Trainee. The SSA terminated Plaintiff's employment on September 12, 2019. (Doc. #5-2, p. 13); (Doc. #11-1, pp. 8, 36.)[2] Also on September 12, 2019, Plaintiff requested informal equal employment opportunity ("EEO") counseling related to her

---

[1] As discussed below, the Court resolves the pending motion under Federal Rule of Civil Procedure 12(b)(6). Consequently, the relevant facts are taken from (1) allegations in the Complaint and exhibits attached thereto; and (2) administrative records submitted by Defendant which are "necessarily embraced by the complaint" and/or "matters of public record." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) (concluding that equal employment opportunity charge is part of the public record).

[2] All page numbers cited herein refer to the pagination automatically generated by CM/ECF.

termination.  Plaintiff alleged in part race discrimination, non-sexual harassment, and retaliation. (Doc. #11-1, pp. 4, 35.)

The informal counseling process did not resolve Plaintiff's complaints.  On November 27, 2019, Plaintiff signed a Notice of the Right to File a Formal Equal Employment Opportunity Complaint of Discrimination.  This document informed Plaintiff that:

> If you choose to file a formal EEO complaint, you must do so within **fifteen (15) calendar days** from the date you receive this notice. A complaint is timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within five (5) days of the expiration of the filing period.

(Doc. #11-1, p. 44) (emphasis in original).

Sixteen days later, on December 13, 2019, Plaintiff filed a Formal EEO Complaint of Discrimination with the SSA.  (Doc. #11-1, p. 34 (postmarked 12/13/19), p. 37.)  On January 23, 2020, a Final Agency Decision ("FAD") dismissed Plaintiff's administrative complaint as untimely.  The FAD explained in part that Plaintiff "filed the formal complaint 16 days after receipt of the Notice of Right to File a Formal EEO Complaint of Discrimination, as evidenced by the clear postmark and proof of receipt."  (Doc. #11-1, p. 37.)

The FAD advised Plaintiff that she could file a civil action in a United States District Court "[w]ithin 90 days of receiving this final order or final decision if [she] does not file an appeal with the" Equal Employment Opportunity Commission ("EEOC").  (Doc. #11-1, p. 38.) Plaintiff received the FAD on January 30, 2020, and did not file an appeal of the FAD with the EEOC.  (Doc. #11-1, p. 2, ¶¶ 6-7, Doc. #11-1, p. 49.)

On June 16, 2020, over 130 days after receiving the FAD, Plaintiff filed this lawsuit against Defendant.  Plaintiff's Complaint asserts several employment discrimination and retaliation claims against Defendant, including under Title VII, under a collective bargaining

2

agreement, and under Missouri state law. (Doc. #5, pp. 3-5.) Defendant now moves to dismiss this case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant argues this case must be dismissed because Plaintiff did not exhaust her administrative remedies and failed to timely file this lawsuit.[3] These issues are addressed below.

## II. APPLICABLE LAW

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The court must generally rely on the face of the complaint itself, but may also "consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and quotations omitted). Administrative documents, including those submitted by Defendant, are deemed public records for purposes of deciding a Rule 12(b)(6) motion. *Faibisch*, 304 F.3d at 802-03.

---

[3] Relying on the same arguments, Defendant alternatively moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and/or for summary judgment under Rule 56. First, the Court rejects Defendant's argument that jurisdiction is lacking. In *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843 (2019), the Supreme Court held that Title VII's administrative filing requirements are "mandatory without being jurisdictional." *Id.* at 1852. Although Defendant correctly notes that *Fort Bend* involved a non-federal government employer, courts have recently held that "the administrative complaint requirement for Title VII claims by federal employees is not jurisdictional . . . in light of *Fort Bend*." *Williams v. Wolf*, Case No. 19-cv-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019). Defendant does not cite an Eighth Circuit decision which construed *Fort Bend* as inapplicable to a federal employer, and the Court has not located such a case. Under these circumstances, the Court finds that it has jurisdiction. Second, because the pending motion can be resolved under Rule 12(b)(6), the Court need not address Defendant's alternative request for summary judgment under Rule 56.

### III. DISCUSSION

#### A. Plaintiff Did Not Timely Exhaust Her Administrative Remedies.

"Congress waived the federal government's sovereign immunity with respect to employment discrimination claims by including within Title VII a section specific to employment discrimination claims brought by employees of the federal government." *Frazier v. Vilsack*, 419 F. App'x 686, 688 (8th Cir. 2011). However, "[u]nder Title VII, a plaintiff must first exhaust h[er] administrative remedies before filing suit in federal court." *Lindeman v. St. Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). The exhaustion requirement "is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

In the context of federal employment discrimination litigation, federal regulations set forth the applicable exhaustion requirements. *See* 29 C.F.R. §§ 1614.104—1614.110. Under 29 C.F.R. § 1614.105(a)(1), a complainant must first attempt to informally resolve the matter. If an informal resolution is unsuccessful, the complainant "must" file a formal complaint of discrimination within 15 days of receiving written notice from the counselor of the complainant's right to file a formal complaint. 29 U.S.C. § 1614.106(b).

Here, Plaintiff's complaints were not informally resolved. The SSA then provided Plaintiff a written notice advising that "[i]f you choose to file a formal EEO complaint, you must do so within **fifteen (15) calendar days** from the date you receive this notice." (Doc. #11-1, p. 44) (emphasis in original). Plaintiff received this notice on November 27, 2019, but filed her formal complaint 16 days later, on December 13, 2019. Under these circumstances, this case must be dismissed because Plaintiff did not timely exhaust her administrative remedies. *See*

4

*Britney v. Shinseki*, No. 4:12 CV 218 RWS, 2013 WL 3788805, at *4 (E.D. Mo. July 19, 2013) (dismissing case in part for failure to timely exhaust under 29 C.F.R. §§ 1614.105 and 1614.106); *see also James v. McHugh*, 566 F. App'x 623, 624 (10th Cir. 2014) (affirming dismissal for failure to file formal complaint within fifteen days after receiving notice).[4]

### B. Plaintiff Failed to Timely File This Lawsuit.

Even if Plaintiff had timely exhausted her administrative remedies, she failed to timely file this lawsuit. Under 42 U.S.C. § 2000e-16, a federal employee may file a civil action in federal court "[w]ithin 90 days of receipt of notice of final action taken" by the agency. 42 U.S.C. § 2000e-16(c). As stated above, the SSA issued its FAD on January 23, 2020, which informed Plaintiff that she had 90 days from receipt to file a civil lawsuit.

Plaintiff received notice of that final decision on January 30, 2020, and thus had until April 29, 2020, to file this lawsuit. However, Plaintiff did not file this case until June 16, 2020, over 130 days later. As a result, Plaintiff's Complaint is untimely and must be dismissed. 42 U.S.C. § 2000e-16(c).

Plaintiff appears to argue that the 90-day statute of limitations should be extended under the doctrines of equitable estoppel and/or equitable tolling. On the day Plaintiff filed this lawsuit, she filed a document which claims that "[t]he necessary resources and facilities needed for the Plaintiff to research and properly file the Civil Case pro se became no longer accessible due to the restrictive social distancing in March 2020, and ultimately an April 2020 nationwide shut down from the unprecedented national disaster, COVID-19." (Doc. #3, p. 1.)[5] Plaintiff

---

[4] As stated above, Plaintiff attempts to assert claims outside of Title VII, including under Missouri law. However, those additional claims do not state a claim because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001) (citations and quotations omitted).

[5] In an Order dated June 19, 2020, the Court granted Plaintiff leave to proceed in forma pauperis but also stated that "none of the Court's rulings herein will preclude Defendant from asserting any timeliness defense." (Doc. #4, p. 2.)

5

similarly stated that "[i]n the midst of this unforeseen national disaster, compliance with deadlines . . . were hard to meet."  (Doc. #3, p. 2.)

"Equitable estoppel applies if a defendant actively prevents a plaintiff from suing on time; equitable tolling applies if the plaintiff, despite due diligence, cannot obtain vital information about the existence of her claim."  *Jenkins v. Mabus*, 646 F.3d 1023, 1027-28 (8th Cir. 2011).  A plaintiff bears "the burden to prove entitlement to either exception, and federal courts have historically extended such equitable relief only sparingly[.]"  *Id.* (citations, quotations, and alterations omitted).

Here, Plaintiff has failed to establish equitable estoppel.  There is nothing in the record which shows that Defendant actively prevented Plaintiff from timely filing this lawsuit.  There is also no basis for equitable tolling.  Plaintiff generally relies upon the COVID-19 pandemic and related shutdowns.  However, Plaintiff does not explain what, if any actions, she took to timely file this case from January 30, 2020, until the 90-day deadline expired on April 29, 2020.  *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998) ("Equitable tolling is not an excuse to be invoked by those failing to exercise reasonable diligence.").  Plaintiff also does not specifically explain how COVID-19 shutdowns or related issues prevented her from completing those actions.  *Id.* (stating that "equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff") (quotations omitted).  Under these circumstances, neither equitable estoppel nor equitable tolling applies to this case.

**IV.  CONCLUSION**

Accordingly, Defendant's Motion to Dismiss Based on Sovereign Immunity or, in the Alternative, for Failure to State a Claim (Doc. #11) is GRANTED.  Plaintiff's Complaint is DISMISSED.  The Clerk of Court shall mark this case as closed.

**IT IS SO ORDERED.**

Dated: October 19, 2020

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE